**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| KING COUNTY, a governmental entity, | Civil Action No. |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| v. | **Jury Demand** |
| VIRACON, INC., a Minnesota Corporation, QUANEX IG SYSTEMS, INC., an Ohio Corporation, and TRUSEAL TECHNOLOGIES, INC., a Delaware Corporation, | |
| Defendants. | |

This is a civil action for damages and other relief, brought by Plaintiff King County, a governmental entity and political subdivision of the State of Washington, against Defendants Viracon, Inc., a Minnesota corporation ("Viracon"); Quanex IG Systems, Inc., an Ohio corporation ("Quanex"); and TruSeal Technologies, Inc. a Delaware corporation ("TruSeal"), pursuant to State of Washington statutory and/or common law.

## I.     THE PARTIES

**1.1**     Plaintiff King County is a government entity and political subdivision of the State of Washington.

**1.2**     Defendant Viracon is a corporation formed and headquartered in Minnesota and at all relevant times was doing business as a manufacturer of insulating

15276210.7

HANSON BRIDGETT LLP
425 Market Street, 26th Floor
San Francisco, California 94105
(415) 777-3200

1    glass units for distribution and sale in the State of Washington, County of King.

2        **1.3**    Defendant Quanex is an Ohio corporation headquartered in Texas and at

3    all relevant times was doing business as a manufacturer of engineered and building

4    products for distribution and sale in the State of Washington, County of King.

5        **1.4**    Defendant TruSeal is a Delaware corporation with its headquarters in

6    Texas, acquired by Quanex, and at all relevant times was doing business as a

7    manufacturer of engineered and building products for distribution and sale in the State

8    of Washington, County of King.

9        **1.5**    At all relevant times mentioned herein, Quanex and TruSeal supplied Gray

10   PIB to their customer Viracon. Quanex, TruSeal, and Viracon acted in concert to

11   develop, produce, and place into the stream of commerce a product line of Insulating

12   Glass Units containing Gray polyisobutylene ("PIB").

13                        **II.        SUBJECT-MATTER JURISDICTION**

14       **2.1**    This Court has subject-matter jurisdiction over the action pursuant to 28

15   U.S.C. § 1332, et seq., as the action is between citizens of different states and the

16   amount in controversy exceeds the jurisdictional minimum of $75,000 exclusive of

17   interest and costs.

18                        **III.        PERSONAL JURISDICTION**

19       **3.1**    This Court has jurisdiction over the Defendants Viracon, Quanex, and

20   TruSeal based on their contacts within the forum including: a) they supplied materials

21   and products in Washington for use within the judicial district of the Western District; b)

22   they placed their products into the stream of commerce within Washington and

23   specifically within the judicial district of the Western District; c) they caused injury and

24   damages in Washington within the judicial district of the Western District by their acts or

25   omissions both inside and outside the state; d) they derived substantial revenue from

26   materials and products used in Washington within the judicial district of the Western

27   District; and e) as otherwise authorized by law and consistent with the U.S. Constitution.

15276210.7

#### IV.    VENUE

**4.1**    Venue is proper in this Court pursuant to 28 U.S.C. § 1391, *et seq*., as it is the judicial district in which: a) King County is located; b) a substantial part of the events or omissions giving rise to the claim occurred; and c) a substantial part of the property that is the subject of the action is situated.

#### V.    FACTS

**5.1**    King County owns the Chinook Building (the "Building") and the property on which it is located at 401 5th Avenue in Seattle, Washington. King County entered into a public private partnership with Goat Hill Properties to have the Chinook Building constructed on King County's property. Goat Hill Properties, LLC, contracted Wright Runstad Associates Limited Partnership ("Wright Runstad") to act as the developer and caused the construction of the Building to be performed for King County. The Building received its Certificate Of Occupancy from the City of Seattle Department of Planning and Development on September 25, 2007.

**5.2**    The Building's exterior is a curtainwall system that includes glazing manufactured by Viracon, which contains components made by TruSeal and Quanex. This curtainwall exterior is comprised of large banks of multi-paneled windows, framed by champagne metal joinery, set within openings cladded with cream granite. Each panel of the window bank is essentially a module fastened to the building's structural frame and consists of multiple components including an insulated glass unit ("IG Unit"). In this manner, the IG Units, their joinery, and the granite cladding form a coordinated esthetic and the building's exterior.

**5.3**    An IG Unit is the double paned window that functions as both an exterior wall and window to provide temperature and sound insulation and act as barrier like a wall while allowing the sightline visibility and transmission of natural light of a window. Each IG Unit has multiple component parts, its glass panes are set parallel to each other separated evenly by a metal spacer. The panes are connected to the spacer with

15276210.7

HANSON BRIDGETT LLP
425 Market Street, 26th Floor
San Francisco, California 94105
(415) 777-3200

a silicon structural sealant. Another sealant of primarily PIB is used to create a hermetically sealed air space between the panes of glass in the IG Unit supporting its thermal and acoustical insulating properties. The Chinook Building has nearly 3,000 IG Units.

5.4     The glass lites in the IG Units at the Building, the panes, are made of clear glass; however, certain IG Units have been fritted – a process where an opaque ceramic film or frit is permanently adhered to the glass. The fritted IG Units of the Building were installed to create horizontal bands breaking up the verticality of the Building roughly along floor lines. Both the see-through (or vision) and fritted IG Units use Gray PIB as opposed to standard Black PIB.

5.5     Viracon manufactured and supplied the IG Units installed at the Chinook Building. Upon information and belief, Quanex and TruSeal manufactured the PIB used by Viracon to manufacture the IG Units.

5.6     On October 11, 2017, members of King County's Facilities Management Division first noticed a gray film or mottling appeared near the edges of some of the IG Units. This film or mottling was first discovered at the fritted windows along the western elevation of the Building about 20 feet above the loading dock off the alley. As the Facilities Management Division employees further examined the issue, it appeared that the fritted windows showed a greater degree of film formation or mottling than the vision windows, and due to the fritting the film formation or mottling could only be observed from the exterior.

5.7     Within one month of discovery King County understood that the film formation was not dirt on the exterior of the glass, but the PIB sealant film or mottling could not be cleaned because it occurred between the two panes of glass in the hermetically sealed interior of the IG Units. As a result the PIB film or mottling could not be repaired without destroying the IG Units and the exterior glazing system to access the film formation. Additionally, the required repairs will damage the metal joinery

15276210.7

HANSON BRIDGETT LLP
425 Market Street, 26th Floor
San Francisco, California 94105
(415) 777-3200

1  between the IG Units, the connectors of the IG Units to the Building's structural system,

2  and other finishes adjacent to the IG Units. The repairs necessary will also provide

3  avenues for water intrusion that will damage adjacent building components and cause

4  loss of use of the Building.

5      **5.8**    Notice of the film formation and mottling was provided to Viracon no later

6  than October 27, 2017 and on November 9, 2017 Rick Voelker, Viracon's Vice

7  President of Technical Services, had visited the Building and observed the film

8  formation and mottling.

9      **5.9**    King County caused a Photographic Survey ("Survey") to be conducted of

10  all the IG Units, which was completed between October 15 and 19, 2018. The Survey

11  showed that film formation is present with varying degrees of severity on all of the

12  Building's nearly 3,000 IG Units.

13      **5.10**    Upon information and belief, the film formation and mottling occurs as a

14  result of a performance malfunction and failure of the Gray PIB that creates the IG

15  Unit's hermetic seal. Due to the performance malfunction, the Gray PIB has gradually

16  and progressively formed a film migrating into the sightlines and glass of the IG Units

17  impairing their ability to function as a window and the overall appearance of Building

18  exterior. The film appears in various ways such as a dramatic expansion or stretching, a

19  bubbling from the spacer onto the panes' interior surfaces, long solitary icicles, or a

20  dripping band of seepage. Industry standard and manufacturer tolerances for the

21  movement of PIB into the lites of the IG Units are no more than an 1/8th of an inch.

22  Upon information and belief, all of the building's IG Units are manufactured with the

23  same Gray PIB, and to varying degrees all are experiencing film formation, mottling,

24  and migration beyond industry and manufacturer standards. Further, upon information

25  and belief, the PIB film formation and mottling is continuing and progressing such that

26  the problem will worsen over time in all of the Building's IG Units.

27      **5.11**    Upon information and belief, the performance and longevity of the Gray

15276210.7

COMPLAINT FOR DAMAGES (5)                    HANSON BRIDGETT LLP
                                             425 Market Street, 26th Floor
                                             San Francisco, California 94105
                                             (415) 777-3200

1  PIB is not equal to that of the standard Black PIB.

2  **5.12**  King County is informed and believes, and on that basis alleges, that for

3  years, the industry standard PIB was black and included an ingredient called carbon

4  black. Carbon black has numerous beneficial properties in this application, including

5  protecting the PIB from degrading in sunlight. Nevertheless, Viracon used Gray PIB in

6  manufacturing the IG Units for the Building and Quanex and TruSeal continued to

7  manufacture the Gray PIB that was used for the IG Units of the Building.

8  **5.13**  Viracon, Quanex, and TruSeal each had knowledge that the Gray PIB was

9  defective and its performance was inferior to that of Black PIB, and that due to the

10  defective nature, the Gray PIB IG Units would not be suitable for their intended

11  purposes and that the performance of the Gray PIB and IG Units would not endure as

12  intended or required. King County is informed and believes, and on that basis alleges,

13  that prior to the start of construction at the Building, and continuing through the

14  installation of the IG Units on the Building, Viracon, Quanex, and TruSeal acquired

15  knowledge that the Gray PIB was defective and would fail. Indeed, as early as 2005

16  Viracon was experiencing problems with the Gray PIB on the production line, which was

17  communicated to Quanex and TruSeal, and which were not resolved by the time that

18  Viracon began manufacturing and delivering the IG Units for use on the Building.

19  **5.14**  Furthermore, King County is informed and believes that concurrently with

20  the manufacturing and installation of defective IG Units on the Building, Viracon,

21  Quanex, and TruSeal each knew of other buildings experiencing the same defective

22  Gray PIB issues including lack of adhesion and/or cohesion, film formation and the

23  failure of the hermetic seal, caused by among other things, its inability to withstand

24  direct and indirect exposure to sunlight without suffering a decrease in its molecular

25  weight. Instead of informing King County or others involved with the development of the

26  Building about the defect or defects, Quanex and TruSeal continued to provide Gray

27  PIB to Viracon, and Viracon continued to manufacture IG Units with the Gray PIB

15276210.7

COMPLAINT FOR DAMAGES (6)

HANSON BRIDGETT LLP
425 Market Street, 26th Floor
San Francisco, California 94105
(415) 777-3200

1    sealant, deliver them to King County, and allow them to be installed at the Building.

2       **5.15**   The Defendants understood and knew that the type of damages King

3    County complains of here were likely to occur, more likely to occur than if standard

4    Black PIB were used in the IG Units, and did nothing to prevent the Gray PIB from

5    reaching the marketplace, or prevent the installation on the Building of IG Units using

6    the Gray PIB. Nor did the Defendants ever warn of the high potential that the damages

7    complained of herein would occur if Gray PIB was used. Defendants also took no action

8    to inform King County or others involved with the development of the Building after

9    installation of the Building's IG Units of Gray PIB's performance issues known to

10   Defendants, nor did Defendants undertake any form of investigation, provide notice, or

11   recommend maintenance or mitigation measures related to the IG Units containing the

12   Gray PIB. Instead, the Defendants each prepared and disseminated product literature

13   indicating the Gray PIB performed as well as the Black PIB and could be used

14   interchangeably with identical results.

15      **VI.**   **FIRST CAUSE OF ACTION: STRICT PRODUCTS LIABILITY AGAINST**

16                              **VIRACON**

17      **6.1**   King County incorporates herein by reference the allegations contained in

18   Paragraphs 1.1 through 5.15.

19      **6.2**   Viracon is a product seller as defined by RCW 7.72.010(1).

20      **6.3**   Viracon is a manufacturer as defined by RCW 7.72.010(2).

21      **6.4**   Quanex and/or TruSeal manufactured and sold to Viracon, and thereby

22   placed on the market, the Gray PIB used on the IG Units for the Building.

23      **6.5**   Viracon manufactured and sold, and thereby placed on the market, the IG

24   Units used on the Building.

25      **6.6**   In so placing the IG Units on the market, Viracon knew that the IG Units

26   were to be used without inspection for defects.

27      **6.7**   Viracon specifically knew it would be supplying IG Units to the Building

15276210.7

COMPLAINT FOR DAMAGES (7)                                    HANSON BRIDGETT LLP
                                                            425 Market Street, 26th Floor
                                                            San Francisco, California 94105
                                                            (415) 777-3200

1    and that Viracon was responsible for the quality of the IG Units.

2        **6.8**    The IG Units supplied and manufactured by Viracon contained latent

3    manufacturing, design, and warning defects that caused physical damage to the

4    Building. The IG Units contained those latent defects when they left Viracon's

5    possession. The IG Units did not perform as an ordinary consumer would have

6    expected them to perform when used in the manner used at the Building. The IG Units

7    had potential risks that were known or knowable in light of the scientific knowledge that

8    was generally accepted in the scientific community at the time of manufacture and

9    installation of the IG Units at the Building. Those risks would not have been recognized

10   by an ordinary user, but in fact presented a substantial danger of failure when used in

11   the manner the IG Units were used at the Building. Viracon failed to adequately warn

12   King County or others involved with the development of the Building of those risks.

13       **6.9**    The IG Units provided by Viracon to the Building are not reasonably safe

14   as designed and manufactured pursuant to RCW 7.72.030(1)(a) because they use and

15   rely on the inferior and defective Gray PIB as a primary seal resulting in product

16   performance below and failures beyond that contemplated by an ordinary user

17   consumer.

18       **6.10**   The IG Units provided by Viracon to the Building are not reasonably safe

19   as designed pursuant to RCW 7.72.030(1)(b) & (c) because Viracon did not provide

20   adequate warnings at the time of the IG Units' manufacture of the likelihood that the IG

21   Units would cause King County's harms as complained of herein or similar harms or the

22   seriousness of such harms that would necessitate destroying all of the nearly 3,000 IG

23   Units at the Building and damaging the metal joinery between the IG Units, the

24   connectors of the IG Units to the Building's structural system, and other finishes

25   adjacent to the IG Units while providing avenues for water intrusion that will lead to

26   further damages – all in order to accomplish the repair of the IG Units. Such repairs will

27   also cause loss of use of the Building. Nor did Viracon act with regard as a reasonably

15276210.7

HANSON BRIDGETT LLP
425 Market Street, 26th Floor
San Francisco, California 94105
(415) 777-3200

prudent manufacturer would do in the same or similar circumstances to issue warnings after the IG Units' manufacture when Viracon learned of the danger they posed. Viracon never warned its IG Units could fail in the manner experienced by King County at the Building and result in the damages complained of herein.

6.11    Had Viracon simply warned of the increased likelihood of failure of IG Units made with Gray PIB as opposed to those made with standard Black PIB, and the type and seriousness of the potential failures, King County or others involved with the development of the Building could and would have not allowed Gray PIB IG Units to be used at the Building.

6.12    The IG Units provided by Viracon to the Building are not reasonably safe in construction or as manufactured pursuant to RCW 7.72.030(2)(a) because they materially deviate from the design specifications and performance standards of Viracon that indicate the damages complained of here would not occur or is not likely to occur.

6.13    The damages and performance issues described herein all arose within the useful safe life of the IG Units. As the IG Units make up the exterior of the Building and are not intended to be replaced and would and should endure and perform for the life of the Building, the useful safe life of the IG Units is of the same magnitude of the Building itself and certainly in excess of 25 years from the date of delivery of the IG Units.

6.14    The likelihood that the IG Units would cause the damages King County cites herein and similar damages, and the seriousness of those damages that require removal and replacement of every one of the nearly 3,000 IG Units on the Building, outweigh the burden on Viracon to design and manufacture a product that would have prevented those harms as the IG Units could have been designed and manufactured with standard Black PIB, a product that Viracon already used to produce IG Units. Furthermore, Viracon could have provided warnings that use of the IG Units could result in the type of damages complained of herein, which would have allowed King County or

15276210.7

HANSON BRIDGETT LLP
425 Market Street, 26th Floor
San Francisco, California 94105
(415) 777-3200

1  others involved with the development of the Building the opportunity to make a

2  knowledgeable decision to install or avoid using the IG Units at the Building.

3     **6.15**   The resulting performance and failures of the IG Units fell below that

4  contemplated by an ordinary user consumer.

5     **6.16**   As a direct and proximate result of Viracon's distribution of the defective

6  IG Units, King County has suffered injury and damages in excess of the jurisdictional

7  minimum. Specifically, King County has incurred and will continue to incur substantial

8  costs to investigate and identify the numerous deficiencies and defects with the IG

9  Units, and has and will continue to incur substantial additional costs to repair the

10 deficient work, costs to repair property damaged by the deficient work, and has suffered

11 special and other damages, all in amounts according to proof at trial.

12  **VII.    SECOND CAUSE OF ACTION: STRICT PRODUCTS LIABILITY AGAINST**

13  **QUANEX AND TRUSEAL**

14    **7.1**   King County incorporates herein by reference the allegations contained in

15 Paragraphs 1.1 through 6.16.

16    **7.2**   Quanex and TruSeal are product sellers as defined by RCW 7.72.010(1).

17    **7.3**   Quanex and TruSeal are manufacturers as defined by RCW 7.72.010(2).

18    **7.4**   Quanex and/or TruSeal manufactured and sold to Viracon, and thereby

19 placed on the market, the Gray PIB used on the IG Units for the Building.

20    **7.5**   Viracon manufactured and sold, and thereby placed on the market, the IG

21 Units used on the Building.

22    **7.6**   In so placing the products on the market, Quanex and/or TruSeal knew

23 that the products were to be used without inspection for defects.

24    **7.7**   Quanex and/or TruSeal knew it would supply Gray PIB to Viracon for

25 incorporation into IG Units that would be supplied for installation at projects like the

26 Chinook Building at issue here.

27    **7.8**   The Gray PIB supplied and manufactured by Quanex and TruSeal

15276210.7

HANSON BRIDGETT LLP
425 Market Street, 26th Floor
San Francisco, California 94105
(415) 777-3200

1   contained latent manufacturing, design, and warning defects that caused physical

2   damage to the Building. The Gray PIB contained those defects when it left the

3   possession of Quanex and/or TruSeal. The Gray PIB did not perform as an ordinary

4   consumer would have expected it to perform when used in the manner used at the

5   Building. The Gray PIB sealant had potential risks that were known or knowable in light

6   of the scientific knowledge that was generally accepted in the scientific community at

7   the time of manufacture and installation of the Gray PIB and IG Units at the Building.

8   Those risks would not have been recognized by an ordinary user, but in fact presented

9   a substantial danger of failure when used in the manner the IG Units and Gray PIB were

10  used at the Building. Quanex and TruSeal failed to adequately warn King County of

11  those risks.

12      **7.9**     The Gray PIB provided by Quanex and TruSeal that was used for the IG

13  Units at the Building is not reasonably safe as designed and manufactured pursuant to

14  RCW 7.72.030(1)(a) because it fails to withstand direct and indirect exposure to sunlight

15  without suffering a decrease in its molecular weight, causing along with other factors, a

16  lack of adhesion and/or cohesion, film formation and the failure of the hermetic seal

17  resulting in product performance below and failures beyond that contemplated by an

18  ordinary user consumer.

19      **7.10**    The Gray PIB provided by Quanex and TruSeal that was used for the IG

20  Units at the Building is not reasonably safe as designed pursuant to RCW

21  7.72.030(1)(b) & (c) because Quanex and TruSeal did not provide adequate warnings at

22  the time of the Gray PIB's manufacture of the likelihood that the Gray PIB would cause

23  King County's harms as complained of herein or similar harms or the seriousness of

24  such harms that would necessitate destroying all of the nearly 3,000 IG Units at the

25  Building and damaging the metal joinery between the IG Units, the connectors of the IG

26  Units to the Building's structural system, and other finishes adjacent to the IG Units

27  while providing avenues for water intrusion that will lead to further damages – all in

15276210.7

HANSON BRIDGETT LLP
425 Market Street, 26th Floor
San Francisco, California 94105
(415) 777-3200

1  order to accomplish the repair of the IG Units. Such repairs will also cause loss of use of

2  the Building. Nor did Quanex and TruSeal act with regard as a reasonably prudent

3  manufacturer would do in the same or similar circumstances to issue warnings after the

4  Gray PIB's manufacture when Quanex and TruSeal learned of the danger it posed.

5  Quanex and TruSeal never warned its Gray PIB could fail in the manner experienced by

6  King County at the Building and result in the damages complained of herein.

7      **7.11**   Had Quanex and TruSeal simply warned of the increased likelihood of

8  failure of IG Units made with Gray PIB as opposed to those made with standard Black

9  PIB, and the type and seriousness of the potential failures, King County or others

10  involved with the development of the Building could and would have not allowed Gray

11  PIB to be used at the Building.

12      **7.12**   The Gray PIB provided by Quanex and TruSeal that was used for the IG

13  Units at the Building is not reasonably safe in construction or as manufactured pursuant

14  to RCW 7.72.030(2)(a) because it materially deviates from the design specifications and

15  performance standards of Quanex and TruSeal that indicate the damages complained

16  of here would not occur or is not likely to occur.

17      **7.13**   The damages and performance issues described herein all arose within

18  the useful safe life of industry standard IG Unit PIB. As the IG Units make up the

19  exterior of the Building and are not intended to be replaced and would and should

20  endure and perform for the life of the Building, the useful safe life of the IG Units is of

21  the same magnitude of the Building itself and certainly in excess of 25 years from the

22  date of delivery of the IG Units. Because the Gray PIB cannot be serviced or repaired

23  without destroying the IG Units, the useful safe life of industry standard IG Unit PIB is

24  intended to be the same as the IG Units themselves, which is certainly in excess of 25

25  years.

26      **7.14**   The likelihood that the Gray PIB would cause the damages King County

27  cites herein and similar damages, and the seriousness of those damages that require

15276210.7

HANSON BRIDGETT LLP
425 Market Street, 26th Floor
San Francisco, California 94105
(415) 777-3200

removal and replacement of every one of the nearly 3,000 IG Units on the Building, outweigh the burden on the Quanex and TruSeal to design and manufacture a product that would have prevented those harms. Indeed Quanex and TruSeal already produce a product, Black PIB, that is actually the standard configuration and does not result in the frequency or severity of damages as that experienced with the Gray PIB as complained of herein. Furthermore, Quanex and TruSeal could have provided warnings that use of the Gray PIB could result in the type of damages complained of herein, which would have allowed King County or others involved with the development of the Building the opportunity to make a knowledgeable decision to allow or disallow Gray PIB IG Units at the Building.

7.15    The resulting performance and failures of the Gray PIB fell below that contemplated by an ordinary user consumer.

7.16    As a direct and proximate result of Quanex and TruSeal's distribution of the defective Gray PIB, King County has suffered injury and damages in excess of the jurisdictional minimum. Specifically, King County has incurred and will continue to incur substantial costs to investigate and identify the numerous deficiencies and defects with the IG Units, and has and will continue to incur substantial additional costs to repair the deficient work, costs to repair property damaged by the deficient work, and has suffered special and other damages, all in amounts according to proof at trial.

## VIII.    THIRD CAUSE OF ACTION: FRAUD AGAINST VIRACON

8.1    King County incorporates herein by reference the allegations contained in Paragraphs 1.1 through 7.16.

8.2    Viracon's product literature indicates that the IG Units it manufactured that were ultimately installed at the Building were suitable for their intended purpose to provide temperature and sound insulation and act as barrier while allowing the sightline visibility and transmission of natural light, and that such performance would endure. Viracon's product literature also misrepresented that the IG Units manufactured with

HANSON BRIDGETT LLP
425 Market Street, 26th Floor
San Francisco, California 94105
(415) 777-3200

1  Gray PIB would perform and endure as the equivalent of the IG Units manufactured with

2  standard Black PIB. Such misrepresentations by Viracon were made to induce

3  purchases of IG Units that were manufactured with Gray PIB, purchases such as those

4  that resulted in the IG Units installed at the Building.

5      **8.3**    Furthermore, King County is informed and believes, and on that basis

6  alleges, that for years, the industry standard PIB was black and included an ingredient

7  called carbon black. Carbon black has numerous beneficial properties in this

8  application, including protecting the PIB from degrading in sunlight. Nevertheless,

9  Viracon used Gray PIB in manufacturing the IG Units for the Building.

10     **8.4**    Viracon had knowledge that the Gray PIB was defective and its

11  performance was inferior to that of Black PIB, and that due to the defective nature, the

12  Gray PIB and IG Units would not be suitable for their intended purposes and that the

13  performance of the Gray PIB and IG Units would not endure as intended or required.

14  King County is informed and believes, and on that basis alleges, that prior to the start of

15  construction at the Building, and continuing through the installation of the IG Units on

16  the Building, Viracon acquired knowledge that the Gray PIB it was using was defective

17  and would fail. Indeed, as early as 2005 Viracon was experiencing problems with the

18  Gray PIB on the production line, which were not resolved by the time that Viracon

19  began manufacturing and delivering the IG Units for use on the Building.

20     **8.5**    Furthermore, King County is informed and believes that concurrently with

21  the manufacturing and installation of defective IG Units on the Building, Viracon knew of

22  other buildings experiencing the same defective Gray PIB issues including lack of

23  adhesion and/or cohesion, film formation and the failure of the hermetic seal, caused by

24  among other things, its inability to withstand direct and indirect exposure to sunlight

25  without suffering a decrease in its molecular weight. Instead of informing King County or

26  others involved with the development of the Building about the defect or defects,

27  Viracon continued to manufacture IG Units with the Gray PIB sealant, deliver them to

15276210.7

COMPLAINT FOR DAMAGES (14)                                    HANSON BRIDGETT LLP
                                                              425 Market Street, 26th Floor
                                                              San Francisco, California 94105
                                                              (415) 777-3200

1  King County, and allow them to be installed at the Building.

2      **8.6**    With knowledge of the falsity of its representation that IG Units

3  manufactured with Gray PIB would function as the equivalent to those manufactured

4  with Black PIB, Viracon put IG Units containing inferior and defective Gray PIB into the

5  marketplace and did not provide notice of their defective and inferior qualities.

6      **8.7**    King County is informed and believes, and on that basis alleges, that as

7  between King County and those involved with the development of the Building on the

8  one hand and Viracon on the other hand, Viracon alone had knowledge of such material

9  facts and actively misrepresented the known information in addition to intentionally

10  concealing this information from King County and others involved with the development

11  of the Building. In despicable pursuit of profits, with oppression, fraud, malice, deliberate

12  or flagrant disregard, reckless indifference, and/or evil motive and with conscious

13  disregard of King County's rights, Viracon continued to manufacture and deliver

14  defective Gray PIB and IG Units for installation into the curtainwall system at the

15  Building. This was in disregard to the unjust hardship to King County of ultimately

16  having to remove and replace all of the IG Units at the Building. This conduct was

17  authorized by managing agents at Viracon who possessed knowledge of the defective

18  performance of the Gray PIB both during the IG Unit production and as installed in the

19  field and the continued keeping of the information secret; and who also falsely

20  marketed, since at least July 15, 2002, that the Gray PIB had the same long term

21  durability as IG Units utilizing Black PIB for its primary seal.

22      **8.8**    King County and those involved with the development of the Building had

23  no knowledge of any problems with the Gray PIB being used in the IG Units at the

24  Building, nor was such information reasonably discoverable by King County.

25  Accordingly, King County and those involved with the development of the Building

26  reasonably relied on Viracon's apparent reputation as a manufacturer of high-quality IG

27  Units, and Viracon's non-disclosure of the problems plaguing IG Units utilizing Gray PIB

15276210.7

COMPLAINT FOR DAMAGES (15)

1    primary sealant.

2        **8.9**    Had King County or others involved with the development of the Building

3    known that the Gray PIB was causing Viracon's unusual production problems and the

4    owners of other buildings to suffer damages from defective IG Units, or been advised

5    that Gray PIB IG Units would perform in the manner actually experienced at the

6    Building, King County would not have allowed he Gray PIB to be used in the IG Units

7    installed at the Building.

8        **8.10**    Viracon was required to speak to avoid allowing consumers to use and be

9    damaged by a product it manufactured and knew to be defective particularly in light of

10   the seriousness of the damages its concealment would cause including those

11   necessary to repair the IG Units.

12       **8.11**    As a direct and proximate result of Viracon's concealment of these facts

13   from King County and those involved with the development of the Building and the

14   placement of nearly 3,000 IG Units at the Building with defective Gray PIB, King County

15   has suffered injuries and damages in excess of the jurisdictional minimum, which will be

16   established in an amount according to proof at trial.

17       **8.12**    Further, Viracon's conduct, as alleged above, was done with an intentional

18   and conscious disregard of King County's rights and with oppression, fraud, malice,

19   deliberate or flagrant disregard, reckless indifference, and/or evil motive entitling King

20   County to an award of punitive and exemplary damages assessed against Viracon, in

21   sums according to proof, as a means of deterring Viracon from committing similar acts

22   and omissions in the future and punishing Viracon for its wrongful conduct.

23   **IX.**      **FOURTH CAUSE OF ACTION: FRAUD AGAINST QUANEX AND TRUSEAL**

24       **9.1**    King County incorporates herein by reference the allegations contained in

25   Paragraphs 1.1 through 8.12.

26       **9.2**    King County is informed and believes, and on that basis alleges, that for

27   years, the industry standard PIB was black and included an ingredient called carbon

15276210.7

HANSON BRIDGETT LLP
425 Market Street, 26th Floor
San Francisco, California 94105
(415) 777-3200

black. Carbon black has numerous beneficial properties in this application, including protecting the PIB from degrading in sunlight. Nevertheless, Quanex and TruSeal developed, marketed, and sold Gray PIB that was used at the Building.

9.3     Quanex and TruSeal had knowledge that the Gray PIB was defective and its performance was inferior to that of Black PIB, and that due to the defective nature, the Gray PIB would not be suitable for its intended purpose and that the performance of Gray PIB IG Units would not endure as intended or required. King County is informed and believes, and on that basis alleges, that prior to the start of construction at the Building, and continuing through the installation of the IG Units on the Building, Quanex and TruSeal acquired knowledge that the Gray PIB it was using was defective and would fail. Indeed, as early as 2005 Quanex and TruSeal learned that Viracon was experiencing problems with the Gray PIB on the production line, which were not resolved by the time that Viracon began manufacturing and delivering the IG Units for use on the Building.

9.4     Furthermore, King County is informed and believes that concurrently with the manufacturing and installation of defective IG Units on the Building, Quanex and TruSeal knew of other buildings experiencing the same defective Gray PIB issues including lack of adhesion and/or cohesion, film formation and the failure of the hermetic seal, caused by among other things, its inability to withstand direct and indirect exposure to sunlight without suffering a decrease in its molecular weight. Instead of informing King County or others involved with the development of the Building about the defect or defects, Quanex and TruSeal continued to manufacture Gray PIB sealant for IG Units which were to be delivered to King County, and allow them to be installed at the Building.

9.5     With knowledge of the falsity of its representation that Gray PIB would function as the equivalent to Black PIB, Quanex and TruSeal allowed IG Units to be manufactured that contained inferior and defective Gray PIB, which entered the

HANSON BRIDGETT LLP
425 Market Street, 26th Floor
San Francisco, California 94105
(415) 777-3200

marketplace with no notice of their defective and inferior qualities.

**9.6** King County is informed and believes, and on that basis alleges, that as between King County and those involved with the development of the Building on the one hand and Quanex and TruSeal on the other, Quanex and TruSeal alone had knowledge of such material facts and intentionally concealed this information from King County and others involved with the development of the Building. In despicable pursuit of profits, with oppression, fraud, malice, deliberate or flagrant disregard, reckless indifference, and/or evil motive and with conscious disregard of King County's rights, Quanex and TruSeal continued to manufacture and deliver defective Gray PIB for installation into the curtainwall system at the Building. This was in disregard to the unjust hardship to King County of ultimately having to remove and replace all of the IG Units at the Building. This conduct was authorized by managing agents at Quanex and TruSeal who possessed knowledge of the defective performance of the Gray PIB both during the IG Unit production and as installed in the field and the continued keeping of the information secret; and who also falsely marketed, since at least July 15, 2002, that the Gray PIB had the same long term durability as IG Units utilizing Black PIB for its primary seal.

**9.7** King County and those involved with the development of the Building had no knowledge of any problems with the Gray PIB being used in the IG Units at the Building, nor was such information reasonably discoverable by King County. Accordingly, King County and those involved with the development of the Building reasonably relied on Viracon's apparent reputation as a manufacturer of high-quality IG Units, and Viracon's non-disclosure of the problems plaguing IG Units utilizing Gray PIB primary sealant.

**9.8** Had King County or others involved with the development of the Building known that the Gray PIB was causing Viracon's unusual production problems and the owners of other buildings to suffer damages from defective IG Units, or been advised

15276210.7

HANSON BRIDGETT LLP
425 Market Street, 26th Floor
San Francisco, California 94105
(415) 777-3200

that Gray PIB would perform in the manner actually experienced at the Building, King County or others involved with the development of the Building would not have allowed the Gray PIB to be installed at the Building.

**9.9**     Quanex and TruSeal were required to speak to avoid allowing consumers to use and be damaged by a product it manufactured and knew to be defective particularly in light of the seriousness of the damages its concealment would cause including those necessary to repair the Gray PIB.

**9.10**     As a direct and proximate result of Quanex and TruSeal's concealment of these facts from King County and those involved with the development of the Building and the placement of nearly 3,000 IG Units at the Building with defective Gray PIB, King County has suffered injuries and damages in excess of the jurisdictional minimum, which will be established in an amount according to proof at trial.

**9.11**     Further, Quanex and TruSeal's conduct, as alleged above, was done with an intentional and conscious disregard of King County's rights and with oppression, fraud, malice, deliberate or flagrant disregard, reckless indifference, and/or evil motive entitling King County to an award of punitive and exemplary damages assessed against Quanex and TruSeal, in sums according to proof, as a means of deterring Quanex and TruSeal from committing similar acts and omissions in the future and punishing Quanex and TruSeal for their wrongful conduct.

## X.     JOINT AND SEVERAL LIABILITY

**10.1**     King County incorporates herein by reference the allegations contained in Paragraphs 1.1 through 9.11.

**10.2**     Pursuant to RCW 4.22.070(1)(a) & (b), Viracon, Quanex, and TruSeal are jointly and severally liable for the damages of King County because King County was not at fault in incurring the property damages at the Building and the defendants acted in concert with each other in causing the damages.

15276210.7

COMPLAINT FOR DAMAGES (19)

## XI.    PUNITIVE DAMAGES

**11.1**    King County incorporates herein by reference the allegations contained in Paragraphs 1.1 through 10.2.

**11.2**    Applying Washington choice of law rules, King County seeks punitive and exemplary damages against Viracon under Minnesota law allowing for such in the cases of products liability and fraud allegations. See *Minn. Stat. § 549.20*.

**11.3**    Applying Washington choice of law rules, King County seeks punitive and exemplary damages against Quanex under Ohio and Texas law allowing for such in the cases of products liability and fraud allegations. See *Ohio Rev. Code §§ 2307.80 & 2315.21; Tex. Civ. Prac. & Rem. Code § 41.003*.

**11.4**    Applying Washington choice of law rules, King County seeks punitive and exemplary damages against TruSeal under Delaware and Texas law allowing for such in the cases of products liability and fraud allegations. See *Jardel Co. v. Hughes* (Del. 1987) 523 A.2d 518, 529 & *Tex. Civ. Prac. & Rem. Code § 41.003*.

## XII.    DEMAND FOR JURY TRIAL

**12.1**    King County demands that all issues herein be tried by a jury pursuant to FRCP Rule 38.

## XIII.    PRAYER FOR RELIEF

Wherefore, King County prays for judgment against Viracon, Quanex, and TruSeal as follows:

1.    For compensatory damages according to proof at trial;

2.    For general, special, and other damages according to proof at trial;

3.    For costs of investigation to identify the defects and necessary repairs;

4.    For pre-judgment and post-judgment interest at the maximum amount and rate permitted by law;

5.    For costs of suit herein;

6.    For punitive and/or exemplary damages; and

15276210.7

COMPLAINT FOR DAMAGES (20)

7.      For such other relief as the Court may deem just and proper.

DATED:                                    DANIEL T. SATTERBERG
April 8, 2019                             King County Prosecuting Attorney


                                              /s/ Thomas W. Kuffel
                                          Thomas W. Kuffel, WSBA #20118
                                          Senior Deputy Prosecuting Attorney
                                          King County Prosecuting Attorney
                                          500 Fourth Avenue, Suite 900
                                          Seattle, WA 98104


                                          Telephone: (206) 296-0430
                                          Facsimile: (206) 296-8819
                                          Thomas.Kuffel@kingcounty.gov

                                          Attorney for King County


DATED:                                    HANSON BRIDGETT LLP
April 8, 2019


                                 By:         /s/ Scott E. Hennigh
                                          HANSON BRIDGETT LLP
                                          SCOTT E. HENNIGH, CA SBN 184413
                                          (*Pro Hac Vice* Forthcoming )
                                          shennigh@hansonbridgett.com
                                          MATHEW R. TROUGHTON, CA SBN
                                          151752 (*Pro Hac Vice* Forthcoming )
                                          mtroughton@hansonbridgett.com
                                          STUART L. EISLER, CA SBN 256361
                                          (*Pro Hac Vice* Forthcoming )
                                          seisler@hansonbridgett.com
                                          425 Market Street, 26th Floor
                                          San Francisco, California 94105
                                          Telephone: (415) 777-3200
                                          Facsimile: (415) 541-9366

                                          Attorneys for KING COUNTY

15276210.7