IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KING COUNTY,<br><br>        Plaintiff,<br>v.<br><br>VIRACON, INC., QUANEX IG SYSTEMS, INC., and TRUSEAL TECHNOLOGIES, INC.,<br><br>        Defendants. | Civil Action No. 2:19-cv-508-BJR<br><br>**ORDER GRANTING QUANEX IG SYSTEMS, INC. AND TRUSEAL TECHNOLOGIES, INC.'S MOTION TO DISMISS FIRST AMENDED COMPLAINT** |

## I. INTRODUCTION

Plaintiff King County ("King County") instituted this action against Defendants Viracon, Inc. ("Viracon"), Quanex IG Systems, Inc. ("Quanex IG Systems"), and Truseal Technologies, Inc. ("Truseal"), alleging fraud, strict liability, and violations of Washington State's Consumer Protection Act based on the construction of a building own by King County. *See* Dkt. No. 12. Currently before the Court is a motion to dismiss filed by Defendants Quanex IG Systems and Truseal (collectively "Defendants").[1] Dkt. No. 32. Defendants move to dismiss the claims against them pursuant to Federal Rules of Civil Procedure 12(b)(2) and (6), arguing that: (1) they are not

---

[1] Defendant Viracon is not a subject of the instant motion; Viracon filed its own motion to dismiss on June 16, 2019, an order on which is forthcoming. *See* Dkt. No. 29. For the sake of clarity, any reference in this order to "Defendants" is a reference to both Quanex IG Systems and Truseal, but *not* Viracon.

subject to personal jurisdiction in Washington State and (2) the First Amended Complaint does not state a cognizable claim for relief. King County opposes the motion. Dkt. No. 37. Having reviewed the motion, the opposition thereto, the record of the case, and the relevant legal authority, the Court will grant the motion. The reasoning for the Court's decision follows.

## II. BACKGROUND

King County is a government entity and political subdivision of the State of Washington. Dkt. No. 12 at ¶ 1.1. Viracon is incorporated and headquartered in Minnesota and in the business of manufacturing insulating glass units ("IGUs") for distribution and sale throughout the United States, including Washington State. *Id*. at ¶ 1.2. Quanex IG Systems is an Ohio corporation headquartered in Texas; Truseal is a Delaware corporation also headquartered in Texas. *Id*. at ¶¶ 1.3-1.4. King County alleges that both Quanex IG Systems and Truseal manufacture building products for distribution and sale in the United States, including Washington State. *Id.*

At the center of this lawsuit is an office building—"the Chinook Building"—located in Seattle, Washington that is owned by King County. *Id.* at ¶ 5.1. The Chinook Building was built in 2007 and has what the parties refer to as a "curtainwall" exterior—an exterior comprised of IGUs that are framed by metal joinery and set within openings clad in granite. *Id*. at 5.2. The IGUs consist of double paned windows with a hermetically sealed air space between the panes of glass that provides thermal and acoustical insulation. *Id*. at 5.3. Polyisobutylene-based sealant ("PIB-based sealant") is used to seal the window panes. *Id*. at ¶ 5.4. The Chinook Building's exterior has nearly 3,000 IGUs. *Id*. at 5.3.

King County alleges that Viracon manufactured and supplied the IGUs installed on the Chinook Building, while Defendants manufactured the PIB-based sealant used by Viracon to seal the IGUs. *Id.* at 5.4. King County further alleges that the PIB-based sealant used to create the

IGUs' hermetic seal is failing, causing a film to migrate "into the sightlines and glass of the [IGUs]." *Id*. at 5.10. The County alleges that the film impairs visibility and affects the overall appearance of the Chinook Building. *Id*. According to King County, the film "is present with varying degrees of severity on all of the Building's nearly 3,000 [IGUs]." *Id*. at 5.9.

King County asserts that the industry standard is to use black PIB-based sealant in IGUs because the black sealant "include[s] an ingredient called carbon black that protect[s] the PIB from degrading in sunlight." *Id*. at 5.12. However, King County alleges, instead of using black PIB-based sealant in the IGUs for the Chinook Building, Viracon sealed the IGUs with gray PIB-based sealant that was manufactured by Defendants. According to King County, Viracon and Defendants knew that the gray PIB-based sealant was "defective and its performance [] inferior to that of [b]lack PIB" and, as such, the use of gray PIB-based sealant would render the IGUs "[un]suitable for their intended purpose[]" on the Chinook Building. *Id*. at 5.13.

Indeed, King County claims, at the time that the IGUs with the gray PIB-based sealant were installed on the Chinook Building, Viracon and Defendants each knew of other buildings that had Viracon-manufactured IGUs with gray PIB-based sealant that were experiencing the same issues that the Chinook Building is now experiencing. *Id*. at 5.14. Therefore, King County charges, Viracon and Defendants "understood and knew that the types of damages King County complains of [in this lawsuit] were likely to occur, more likely to occur than if standard [b]lack PIB were [*sic*] used in the [IGUs], and did nothing to prevent the [g]ray PIB from reaching the

3

marketplace, or prevent the installation on the Building of [IGUs] using the [g]ray PIB." *Id*. at 5.15.

### III.     DISCUSSION

As stated above, Defendants Quanex IG Systems and Truseal move this Court to dismiss the claims stated against them on two grounds. First, Defendants argue that this Court lacks personal jurisdiction over them and therefore the claims must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(2). Alternatively, Defendants argue that the First Amended Complaint fails to state a claim on which relief can be granted and therefore the claims must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

### A.     Standard of Review on a Rule 12(b)(2) Motion

In a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden to show that the court has jurisdiction over the defendant, but "in the absence of an evidentiary hearing, the plaintiff need only make a 'prima facie showing of jurisdictional facts to withstand the motion to dismiss.'" *Washington Shoe Co. v. A–Z Sporting Goods Inc*., 704 F.3d 668, 671–72 (9th Cir. 2012) (quoting *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006)). "[F]or the purpose of [the prima facie] demonstration, the court resolves all disputed facts in favor of the plaintiff." *Pebble Beach Co*., 453 F.3d at 1154 (citing *Doe v. Unocal*, 248 F.3d 915, 922 (9th Cir. 2001)). However, the plaintiff "cannot simply rest on bare allegations of the Complaint, but rather is obligated to come forward with facts, by affidavit or otherwise, supporting personal jurisdiction." *Microsoft Corp. v. Communications & Data Sys. Consultants*, 127 F. Supp. 3d 1107, 1113 (W.D. Wash. 2015).

"Federal courts ordinarily follow state law in determining the bounds of their jurisdiction[.]" *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015) (quoting *Daimler AG v.*

4

*Bauman*, 571 U.S. 117, 125 (2014)). As Washington State's long-arm statute allows the exercise of personal jurisdiction to the full extent permissible under the constitution, *Shute v. Carnival Cruise Lines*, 783 P.2d 78, 79 (Wash. 1989), the court's "inquiry centers on whether exercising jurisdiction comports with due process," *Picot*, 780 F.3d at 1211. Due process, in turn, "requires that the defendant 'have certain minimum contacts' with the forum state 'such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Id*. (quoting *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945)); *see also Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011).

Personal jurisdiction exists in two forms: general and specific. *Picot*, 780 F.3d at 1211. In this case, King County alleges that personal jurisdiction exists in the form of specific jurisdiction, thus the Court's analysis focuses on specific jurisdiction. For a court to have specific jurisdiction over a corporation, the defendant's suit-related conduct must create a substantial connection with the forum State. The Ninth Circuit employs a three-part test to assess whether a party has sufficient contacts with the forum state to subject it to specific personal jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.* it must be reasonable.

*Picot*, 780 at 1211 (quoting *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004)).

Under the first prong of the foregoing test, the plaintiff must establish that the defendant either "purposefully direct[ed]" its activities toward the forum state or "purposefully avail[ed] itself of the privilege of conducting activities in the forum state. The Ninth Circuit has clarified

that these are two distinct concepts and that the "purposefully direct[ed]" analysis is most often employed in lawsuits sounding in torts, while "purposefully avail[ed]" analysis "is most often used in suits sounding in contract." *Scwarzenegger*, 374 F.3d at 802. Because the instant case sounds in tort, this Court will employ the "purposefully direct[ed]" analysis. Under this analysis, "[a] showing that a defendant purposefully directed [its] conduct toward a forum state [] usually consists of evidence of the defendant's actions outside the forum state that are directed at the forum, such as the distribution in the forum state of goods originating elsewhere." *Id*. (citing *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774-75 (1984)).

### B. Whether this Court Has Personal Jurisdiction Over Quanex IG Systems and Truseal

King County claims that Defendants Quanex IG Systems and Truseal are subject to specific personal jurisdiction in the State of Washington because: (1) they delivered their products into Washington's stream of commerce with the expectation that the products would be purchased by consumers in Washington, and (2) their parent company—Quanex Building Products Corporation ("Quanex Corporation")—has contacts with Washington State that are sufficient to confer specific personal jurisdiction over its subsidiaries (*i.e.*, Quanex IG Systems and Truseal). The Court will address each argument in turn.

#### 1. Stream of Commerce

With respect to its "stream of commerce" theory, King County alleges that Defendants each "derived substantial revenue from material and products" that they "supplied" and "placed" in "the stream of commerce within Washington" that in turn "caused injury and damages" in the State. Dkt. No. 12 at ¶ 3.1. King County also asserts that Defendants have "more than 800 customers in North America, including some headquartered in WA and some purchasing their products here." Dkt. No. 37 at 6 (citing Declaration of Thomas McCune in Support of King

County's Opposition to Defendants' Motion to Dismiss First Amended Complaint ("McCune Declaration"), Dkt. No. 38 at ¶ 15). King County claims—without citation to the record—that "Viracon was exclusively using [Defendants'] PIB in its IGUs from 2002 to 2009". Dkt. No. 37 at 6. Lastly, the County alleges that Viracon's IGUs are installed in "at least 10 premier buildings in Seattle". Dkt. No. 37 at 6 (citing McCune Declaration, Dkt. No. 38 at ¶¶ 3-13).

Defendants counter that King County's "stream of commerce" theory of jurisdiction fails because it is "undisputed" that Defendants "did not, themselves, sell gray PIB-based sealant to any customer in Washington." Dkt. No. 46 at 2. Rather, Defendants point out, they sold the sealant to Viracon—a Minnesota-based corporation—who used the sealant to manufacture IGUs that it then sold to its own customers, some of whom happened to be in Washington State. Defendants claim that specific personal jurisdiction does not exist under this scenario because their "relationship" with Washington State did not arise out of contacts that they initiated with the State. According to Defendants, for this Court to have specific jurisdiction over them, their relationship with Washington "must arise out of contacts that" they themselves "create[d] with the forum State." *Id*. (quoting *Walden v. Fiore*, 571 U.S. 277, 284 (2014)).

The Court concludes that King County has not alleged sufficient facts that would establish Quanex IG Systems and Truseal purposefully directed activities to Washington State sufficient to subject them to specific personal jurisdiction in the State. King County argues that Defendants' sale of their product to Viracon with the knowledge that the product would be used in Viracon's IGUs is sufficient contact for specific jurisdiction. The Court rejects this argument because it ignores the well-established rule that a defendant's mere awareness that its product will be placed into the stream of commerce and, therefore, may reach the forum state is insufficient for the exercise of specific jurisdiction. *Starbucks Corp. v. Wellshire Farms, Inc*. 2013 WL 6640124,

*3 (W.D. Wash. Dec. 17, 2013) (citing *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 110 (1987) ("The 'substantial connection' between the defendant and the forum State necessary for a finding of minimum contacts must come about by *an action of the defendant purposefully directed toward the forum State*.")) (emphasis in original); *see also Death v. Mabry*, 2018 WL 6571148, at *11 (W.D. Wash. December 13, 2018) (rejecting argument that foreseeability that product may end up in forum state is sufficient to establish specific personal jurisdiction). Although the majority of the Supreme Court has yet to agree on the exact requirements for the application of stream of commerce, at a minimum, the defendant must have purposefully directed some action toward the forum state. *Starbucks*, 2013 WL 6640124, at * 3 (citing *J. McIntyre, Ltd. v. Nicastro*, 564 U.S. 873, 883 (2011) ("The placement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum State.").

Here, King County attempts to demonstrate that Defendants "purposefully direct[ed] some action" toward Washington State, but a close review of the evidence cited by the County reveals that it does not support its claim. For instance, King County claims that Defendants have "more than 800 customers in North America, *including some headquartered in WA and some purchasing their products here*." Dkt. No. 37 at 6 (emphasis added) (citing Declaration of Thomas McCune in Support of King County's Opposition to Defendants' Motion to Dismiss First Amended Complaint ("McCune Declaration"), Dkt. No. 38 at ¶ 15). King County refers the Court to paragraph 15 of the declaration of Thomas McCune, a licensed architect who practices in Washington State, as evidence of this claim. However, while Mr. McCune states that Truseal has "approximately 800 customers in North America", he does not specify that any of the customers are located in Washington State or that any Washington resident has purchased Truseal's

products. Mr. McCune does not even mention Quanex IG Systems in paragraph 15 of his declaration.

King County further alleges that Viracon "was exclusively using [Defendants'] PIB in its IGUs from 2002 to 2009" and that Viracon's IGUs are "installed on at least 10 premier buildings in Seattle." Dkt. No. 37 at 6. Presumably, King County wants this Court to infer that because Viracon was exclusively using Defendants PIB-based sealant in its IGUs and Viracon's IGUs have been installed on buildings in Seattle, Defendants must have known that by selling their PIB-based sealant to Viracon, their product would end up in Washington. However, King County cites no evidence for its claim that Viracon exclusively used Defendants' PIB-based sealant in its IGUs. *See* Dkt. No. 37 at 6. Lastly, King County alleges that Viracon and Defendants "jointly and secretly surveilled" buildings that were allegedly experiencing problems with their IGUs, including one in the Seattle area. Once again, the evidence to which the County cites in support of this allegation is silent on the issue. *Id.* at fn. 6.

It is black-letter law that King County cannot rest on unsupported allegations to defeat Defendants' motion to dismiss for lack of personal jurisdiction. *Microsoft*, 127 F. Supp. 3d at 1113; *see also Amba Marketing Systems, Inc. v. Jobar International, Inc.*, 551 F.2d 784, 787 (9th Cir. 1977) (noting that a plaintiff cannot simply rest on the bare allegations of its complaint, but rather is obligated to come forward with facts, by affidavit or otherwise, supporting personal jurisdiction). Accordingly, the County has failed to establish that this Court may exercise personal jurisdiction over Defendants based on the "stream of commerce" theory of jurisdiction.

### 2. Quanex Corporation's Contacts with Washington State

With respect King County's second basis for jurisdiction, that Quanex Corporation's (*i.e.* Defendants' parent company) contacts with Washington State are sufficient to confer jurisdiction

on Defendants, King County alleges that: (1) Quanex Corporation owns a Washington subsidiary located in Kent, Washington as well as a manufacturing plant located in Yakima, Washington (Dkt. No. 37 at 5-6 (citing McCune Declaration, Dkt. No. 38, ¶ 2)); (2) Quanex Corporation handles all the marketing and product cross-marketing for its entire buildings product group, which includes Defendants (*id.* at ¶¶ 2 and 15); and (3) Quanex Corporation "lobbied politically in WA" (*id.* at 6 (citing McCune Declaration, Dkt. No. 38, ¶¶ 2, 15, 19-21, 23)).

Defendants counter that King County's attempt to use Quanex Corporation's contacts with Washington to establish specific personal jurisdiction over them is unavailing. Defendants assert that in the Ninth Circuit, the existence of a parent-subsidiary relationship alone is insufficient to attribute the contacts of the parent to the subsidiary for jurisdictional purposes. Instead, Defendants argue, King County must establish that Quanex Corporation is the alter ego for Quanex IG Systems and Truseal, something King County has not even "attempted to establish here." Dkt. No. 46 at 3.

Defendants are correct; this Court does not have personal jurisdiction over Defendants based on their parent company's contacts with Washington State. "It is well-established that a parent-subsidiary relationship alone is insufficient to attribute the contacts of the subsidiary to the parent [or vice versa] for jurisdictional purposes." *Harris Rursky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1134 (9th Cir. 2003) (citation omitted). An exception to this general rule exists where the parent is the subsidiary's alter ego. *Id.* However, in order to satisfy the alter ego exception to the general rule that a subsidiary and the parent are separate entities, the plaintiff must make out a prima facie case "(1) that there is such unity of interest and ownership that the separate personalities [of the two entities] no longer exist and (2) that failure to disregard

[their separate identities] would result in fraud or injustice." *Id*. at 1134-35 (quoting *Doe, I, v. Unocal Corp*, 248 F. 3d 915, 926 (9th Cir. 2001).

King County does not attempt to make this showing. At most, the County simply alleges that the Quanex Corporation handles "the marketing and product cross-marketing for its entire buildings product group," of which Truseal is a part. Dkt. No. 37 at 5-6 (citing McCune Declaration, Dkt. No. 38, ¶ 2). However, despite citing to Paragraph 2 of the McCune Declaration as support for this allegation, Paragraph 2 does not state that Quanex Corporation handles the marketing for "its entire buildings product group", let alone the marketing for Truseal or Quanex.[2] Moreover, even if the cited evidence did support the allegation, it would not be sufficient to establish that Quanex Corporation is Defendants' alter ego. King County's perfunctory allegations fail to meet the Ninth Circuit's criteria for disregarding the separation between a parent and its subsidiary. *See Harris Rursky*, 328 F.3d at 1134.

---

[2] King County makes the same allegation a second time two paragraphs later in its brief, only this time citing to paragraphs 15, 19-21, and 23 in addition to paragraph 2 of the McCune Declaration as support. Dkt. No. 37 at 6. Once again, the cited paragraphs do not support the allegation. The closest King County comes to support for this allegation is a 2010 article attached to the McCune Declaration, which states that Quanex Building Products Corporation (formerly Quanex Corporation) had created something called "Project Nexus" that "calls for the integration of" Quanex Building Productions Corporation's Engineered Products Group's "sales, marketing, and product development teams." Dkt. No. 38, Ex. O. King County alleges that this includes the "product development team[]" for Truseal, but the article says nothing of the sort.

## IV.     CONCLUSION

For the foregoing reasons, the Court cannot exercise personal jurisdiction over Defendants. The motion to dismiss is HEREBY GRANTED and this case is DISMISSED.[3]

Dated this 29th day of October 2019.

*Barbara J. Rothstein*
Barbara Jacobs Rothstein
U.S. District Court Judge

---

[3] Because this Court lacks jurisdiction over Defendants, the Court will not address the remaining issues in the motion to dismiss.