The Honorable Barbara J. Rothstein

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KING COUNTY,

        Plaintiff,

v.

VIRACON, INC.,

        Defendant.

Civil Action No. 2:19-cv-508-BJR

**ORDER DENYING MOTION FOR LEAVE TO AMEND FIRST AMENDED COMPLAINT**

## I.    INTRODUCTION

Defendant Viracon, Inc. ("Viracon") fabricated and sold insulating glass units ("IGUs") installed on an office building owned by Plaintiff King County. King County alleges that the IGUs are defective and instituted this lawsuit against Viracon and two other defendants in April 2019 and filed a First Amended Complaint in May 2019. Dkt. Nos. 1, 12. Currently before the Court is King County's motion for leave to amend the First Amended Complaint to add a claim for punitive damages. Dkt. No. 77. Viracon opposes the motion. Dkt. No. 98. Having reviewed the motion, the opposition and reply thereto, the record of the case, and the relevant legal authorities, the Court will deny the motion. The reasoning for the Court's decision follows.

## II. BACKGROUND

### A. Factual Background

At the center of this lawsuit is the "Chinook Building"—an office building located in downtown Seattle that was built in 2007. Dkt. No. 12 at ¶ 5.1. The Chinook Building has what the parties refer to as a "curtainwall" exterior—an exterior comprised of IGUs that were manufactured and sold by Viracon. *Id.* at 5.2. IGUs consist of two or more panes of glass separated by a metal spacer enclosing a hermetically sealed air space. Dkt. No. 70 at ¶ 2. IGUs are fabricated using a sealant made from polyisobutylene-based sealant ("PIB-based sealant"). *Id.* at ¶ 4. Historically, Viracon used only black PIB-based sealant but, beginning in 2002, Viracon added gray PIB-based sealant as an option for its customers. *Id.* ¶¶ 7-8. The IGUs installed on the Chinook Building are fabricated with gray PIB-based sealant. Dkt. No. 12 at ¶ 5.4.

King County alleges, and Viracon concedes, that the gray PIB-based sealant in the Chinook Building's IGUs is failing, causing a film to migrate "into the sightlines and glass of the [IGUs]." *Id.* at 5.10; Dkt. No. 84 at 6. King County claims that at the time that the IGUs were installed, Viracon knew that the gray PIB-based sealant was "defective" and "not suitable for" the Chinook Building. Dkt. No. 12 at ¶ 5.13. Nevertheless, King County alleges, Viracon "did nothing to prevent" the IGUs from being installed on the Chinook Building. *Id.* at ¶ 5.15. Instead, the County claims, Viracon "prepared and disseminated product literature indicating that [gray PIB-based sealant] performed as well as [black PIB-based sealant] and could be used interchangeably with identical results." *Id.*

### B. Procedural Background

King County originally asserted three claims again Viracon: violation of the Washington Products Liability Act ("WPLA"), violation of the Washington Consumer Protection Act

("WCPA"), and common law fraud.[1] *See* generally Dkt. No. 12. Important here, King County alleged that "[a]pplying Washington choice of law rules", Viracon's fraudulent actions entitled the County to punitive damages under Minnesota law. *Id.* at ¶ 13.2.

Viracon moved to dismiss the First Amended Complaint in its entirety. Dkt. No. 29. In a decision dated December 4, 2019 ("the December 4, 2019 Order"), this Court dismissed King County's WPLA claim but denied the motion as to the WCPA and common law fraud claims. Dkt. No. 54. In addition, the Court noted that Minnesota law prohibits a plaintiff from stating a claim for punitive damages in its original complaint. Dkt. No. 54 at 12. As such, the Court concluded that "King County's claim for punitive damages is premature and must be dismissed." *Id.*

Prior to the foregoing motion practice, on July 23, 2019, this Court entered the Order Setting Trial Date and Related Dates, which sets the dates that govern this lawsuit (the "Case Management Order"). Dkt. No. 39. The Case Management Order set the deadline to amend pleadings as August 30, 2019. On March 16, 2020—three months after this Court struck King County's request for punitive damages as premature and over four months after the deadline to amend pleadings expired—the parties requested a sixty-day extension to all "unexpired deadlines" in the Case Management Order, which this Court granted. Dkt. Nos. 58, 59. Notably, King County did not request that the deadline to amend pleadings be extended. On May 26, 2020, the parties once again requested that the Court extend the remaining case management deadlines, which this Court granted. Dkt. Nos. 62-63. Once again, King County did not request that the Court modify the deadline to amend pleadings.

---

[1] King County also named Quanex IG Systems, Inc. and Truseal Technologies, Inc. as defendants in this lawsuit, but each was dismissed from this action on October 29, 2019. Dkt. No. 53

### III.     DISCUSSION

King County moves for leave to amend the First Amended Complaint to seek punitive damages against Viracon—nine months after this Court dismissed such claims as premature in the December 4, 2019 Order. The County brings the motion pursuant to Federal Rule of Civil Procedure ("FRCP") 15. Dkt. No. 77 at 1. However, as explained above, the deadline to amend pleadings in this case expired over a year ago, on August 30, 2019. *See* Dkt. No. 39. Therefore, King County must first request modification of the Case Management Order under FRCP 16 and satisfy Rule 16's good cause standard before it may request leave to amended under FRCP 15. *DRK Photo v. McGraw-Hill Glob. Educ. Holdings, LLC*, 870 F.3d 978, 989 (9th Cir. 2017), *cert. denied*, 138 S. Ct. 1559 (2018) (quoting *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013) ("Where, as here, a party seeks leave to amend after the deadline set in the scheduling order has passed, the party's request is judged under [FRCP] 16's 'good cause' standard rather than the 'liberal amendment policy' of [FRCP] 15(a).").

Here, King County does not request that this Court modify the Case Management Order to extend the deadline to amend pleadings; it merely moves to amend the First Amended Complaint. This, alone, is a sufficient basis to deny the motion. *U.S. Dominator, Inc. v. Factory Ship Robert E. Rosoff*, 768 F.2d 1099, 1104 (9th Cir. 1985), *superseded by statute on other grounds as recognized in Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1174 (9th Cir. 1996) (a court may deny as untimely a motion filed after the scheduling order cut-off date where no request to modify the order has been made); *Lockridge v. City of Tacoma*, 315 F.R.D. 596, 599 (W.D. Wash. 2014) (same).

King County argues that seeking relief under FRCP 16 is not necessary because the "December 4, 2019 Order invited a later motion, after discovery had substantively demonstrated

4

evidence of punitive damages." Dkt. No. 114 at 9. King County misunderstands the nature of the December 4, 2019 Order. Rather than give King County the green light to leapfrog over FRCP 16(b)(4)'s admonition that a scheduling order "may be modified only for good cause and with the judge's consent", the December 4, 2019 Order placed King County on notice that the Case Management Order required amendment.

Moreover, even if this Court were to interpret King County's motion to amend the First Amended Complaint as a motion to amend the Case Management Order—something the Ninth Circuit has cautioned against, *see Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608-9 (9th Cir. 1992)—King County would not clear FRCP 16's "good cause" requirement. "Unlike FRCP 15's liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, FRCP 16's 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Id*.; *see also*, *DRK Photo*, 870 F.3d at 989 (stating that the "central inquiry" of whether good cause exists "is whether the requesting party was diligent in seeking the amendment"). Simply put, if the moving party was not diligent, "the inquiry should end." *Johnson*, 975 F.2d at 609.

The Court concludes that King County was not diligent. King County waited over nine months to seek leave to amend its complaint. In that time, the Case Management Order was amended twice at the parties' request, discovery closed[2], the dispositive motion deadline passed, and both parties filed for summary judgment.[3] King County alleges that it needed to wait until

---

[2] The discovery deadline was August 21, 2020; however, per King County's request, discovery was reopened for thirty (30) days on October 26, 2020 for the limited purpose of allowing the County to take one additional deposition. *See* Dkt. Nos. 63, 82.

[3] King County's motion was for partial summary judgment and it has since been withdrawn. Dkt. Nos. 76, 113.

after the completion of discovery in order to substantiate its claim for punitive damages, but such a claim makes little sense. First, the Court notes that a number of the documents the County offers to support its motion were obtained by its counsel in 2016 as part of another litigation. *See e.g.*, Dkt. No. 79, Exs. 23-25, 27, and 34. Likewise, King County relies on deposition testimony obtained by its counsel in that same litigation. *Id*. at Exs. 7, 16, 22, 28-29, and 36. Thus, King County was in possession of this information long before the expiration of the discovery deadline. Indeed, its counsel was in possession of this information before this case was filed.

Second, King County did not need to present evidence that *established* its entitlement to punitive damages in its motion to amend the complaint; rather, the County simply needed to *allege* a prima facie case for such damages. *See Target Corp. v. LCH Pavement Consultants, LLC*, 960 F. Supp. 2d 999, 1010 (D. Minn. 2013) ("[I]n reaching the determination whether the plaintiff has established a prima facie case for punitive damages, the Court makes no credibility rulings and does not consider any challenge, by cross-examination or otherwise, to the plaintiff's proof, but the Court must carefully scrutinize the evidence presented by the moving party to make sure that it amounts to a prima facie showing that the substantive requirements for punitive damages have been met."). A deep dive into discovery was not necessary to allege a prima facie claim for punitive damages in this case.

Finally, allowing King County to amend its complaint at this stage of the litigation would negate any semblance of adherence to this Court's Case Management Order.  Discovery is closed.[4]  Viracon's summary judgment motion is fully briefed and the matter is on the brink of trial.  The parties have already been granted significant extensions.  Allowing King County to amend its complaint would undoubtedly require the reopening of discovery so that King County

---

[4] *See* footnote 2.

can obtain evidence of Viracon's financial condition. *See Mighty Enterprises, Inc. v She Hong Industrial Co. Ltd.*, 745 Fed. Appx. 706, 709 (Ninth Cir. 2018) (noting that "the party seeking punitive damages bears [the] burden" of establishing "the defendant's financial condition"). This, presumably, would lead to the filing of an additional summary judgment motion. Simply put, even if King County was correct that the December 4, 2019 Order excused it from complying with Rule 16, the County has simply waited too long to bring the motion.

### IV.  CONCLUSION

For the foregoing reasons, the Court HEREBY DENIES King County's Motion for Leave to Amend to Allege Punitive Damages (Dkt. No. 77).

Dated this 16th day of November 2020.

*Barbara J. Rothstein*
Barbara Jacobs Rothstein
U.S. District Court Judge