The Honorable Barbara J. Rothstein

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KING COUNTY,

        Plaintiff,

     v.

VIRACON, INC.,

        Defendant.

Civil Action No. 2:19-cv-508-BJR

**ORDER DENYING KING COUNTY'S
MOTION FOR RECONSIDERATION**

## I.      INTRODUCTION

King County instituted this action against Defendants Viracon, Inc. ("Viracon"), Quanex IG Systems Inc. ("Quanex"), and TruSeal Technologies Inc. ("TruSeal") in April 2019, alleging claims related to windows manufactured by Viracon and installed in an office building owned by King County. Dkt. No. 1. In July 2021, this Court granted summary judgment to Viracon and dismissed the case (Quanex and TruSeal had been dismissed from the lawsuit previously). Dkt. No. 154. King County now moves this Court to reconsider its decision; Viracon opposes the motion. Dkt. Nos. 156, 174.[1] Having reviewed the motion and opposition thereto, the record of

---

[1] This is King County's second request that the Court reconsider its order granting summary judgment. King County also moved for reconsideration based on allegedly newly discovered evidence. *See* Dkt. No. 161. The Court denied the motion on March 15, 2022. *See* Dkt. No. 176.

the case, and the relevant legal authority, the Court will deny the motion. The reasoning for the Court's decision follows.

## II.    BACKGROUND

At the center of this lawsuit are insulating glass units ("IGUs") that were manufactured and sold by Viracon and installed on an office building ("The Chinook Building") that is currently owned by King County.[2] The IGUs were manufactured using a primary sealant made from gray polyisobutylene ("PIB-based sealant") that is a TruSeal product. King County alleges that the gray PIB-based sealant is defective and as a result, some of the IGUs on the Chinook Building have developed a film that partially obstructs the view from the building's windows.

King County instituted this action alleging that Viracon misrepresented that IGUs manufactured with gray PIB-based sealant would function the same as IGUs manufactured with black PIB-based sealant and sued Viracon for: (1) violation of the Washington Products Liability Act ("WPLA"), (2) common law fraud, and (3) violation of the Washington Consumer Protection Act ("WCPA"). Dkt. No. 1. King County amended the complaint in May 2019 and Viracon filed a motion to dismiss the amended complaint. Dkt. Nos. 12 and 29. This Court partially granted Viracon's motion in December 2019, dismissing the WPLA claim, but denying the motion as to the common law fraud and WCPA claims. Dkt. No. 54. The parties proceeded to discovery, after which, Viracon moved for summary judgment on the two remaining claims. Dkt. No. 68. This Court granted Viracon's summary judgment motion and judgment was entered against King County on July 20, 2021. King County now moves for reconsideration of this Court's decision.

---

[2] King County alleges that there are nearly 3,000 IGUs on the building. Dkt. No. 12 at ¶ 5.9.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

### III.   DISCUSSION

#### A.   Standard of Review

The decision to grant or deny a motion for reconsideration is left to the sound discretion of the trial court. *See Sch. Dist. No. 1J, Multnomah County v. ACandS, Inc*., 5 F.3d 1255, 1262 (9th Cir. 1993). Such motions are disfavored and, absent exceptional circumstances, are only appropriate "if the district court (1) is presented with newly discovered evidence; (2) committed clear error or the initial decision was manifestly unjust; or (3) if there is an intervening change in controlling law." *Id*. at 1263; Western District of Washington Local Rule 7(h)(1) ("Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.").

#### B.   The Order Granting Summary Judgment to Viracon

King County's fraud and WCPA claims are premised on the allegation that Viracon knowingly misrepresented that IGUs manufactured with gray PIB-based sealant would perform the same as IGUs manufactured with black PIB-based sealant and but for this misrepresentation, IGUs manufactured with gray PIB-based sealant would not have been purchased for the Chinook Building. King County originally alleged that Viracon made this misrepresentation through product and marketing literature but dropped this assertion and instead claimed in its opposition to summary judgment that Viracon made the representation through two product samples that were submitted to the Chinook Building design team. King County also conceded that Viracon did not have actual notice of the filming issue associated with the gray PIB-based sealant until January 2008 (well after the vast majority of the 3,000 IGUs on the Chinook Building were purchased and manufactured) but claimed that a "shearing" issue Viracon experienced during the

manufacturing of some IGUs with gray PIB-based sealant in 2005 placed Viracon on notice of the filming issue the IGUs experienced in the field years later.

In granting Viracon's motion for summary judgment, this Court reached two conclusions. First, this Court concluded that there is insufficient evidence in the record to allow a jury to find that Viracon made a misrepresentation to King County, its agent, or assignor regarding the equivalency of IGUs manufactured with gray and black PIB-based sealants. And second, there is insufficient evidence in the record from which a jury could find that Viracon had notice of the filming issue associated with the gray PIB-based sealants at the time that the Chinook Building IGUs were purchased. Either of these conclusions is sufficient to warrant summary judgment in favor of Viracon.

### C.      King County's Motion for Reconsideration

King County now moves this Court to reconsider both conclusions, arguing that there is sufficient evidence of triable issues of fact concerning Viracon's alleged misrepresentation to King County, its agent, or assignor, as well as Viracon's knowledge of the filming issue associated with the gray PIB-based sealant.

### 1.      Whether Viracon Made a Misrepresentation to King County, Its Agent, or Assignor

In urging this Court to reconsider its conclusion that there is insufficient evidence to establish that Viracon made a misrepresentation to King County, its agent, or its assignor, King County argues that: (1) it should have been given the opportunity to respond to arguments that Viracon raised for the first time in its reply brief in support of summary judgment, specifically testimony from Jim Hinkle, (2) this Court improperly disregarded the declaration of Cindy Edens, and (3) this Court misinterpreted the public private documents that governed construction of the Chinook Building.

a.      **Arguments Raised in Viracon's Reply Brief**

King County's complaint and amended complaint relied entirely on its claim that Viracon had disseminated product and marketing materials that advertised that IGUs manufactured with gray PIB-based sealant would function the same as IGUs manufactured with black PIB-based sealant. *See* Dkt. No. 12 at ¶ 5.15 ("…Defendants each prepared and disseminated product literature indicating that Gray PIB performed as well as the Black PIB and could be used interchangeably with identical results."), *see also* 8.2, 8.7, and 10.2. Likewise, in response to Viracon's written discovery in which it asked King County to "[i]dentify and describe in detail all representations made to King County by Viracon concerning the IGUs in the Chinook Building", King County only identified "a written representation to the participants in the marketplace for [Viracon's IGUs] entitled 'Gray Silicon/PIB (Polyisobutylene)'". Dkt. No. 69, Ex. 18 at Response to Interrogatory No. 1; *see also* Response to Interrogatory Nos. 8 and 9; Response to Request for Admission Nos. 2 and 3. King County then filed an amended response to Viracon's written discovery requests to clarify that it "does not presently know whether or when King County, itself, received this document, or whether it was received directly from Viracon." *See* Dkt. No. 69, Ex. 19 at Amended Response to Interrogatory No. 9.

Based on the foregoing, Viracon moved for summary judgment arguing that King County cannot establish that Viracon made any misrepresentations to King County regarding the IGUs manufactured with gray PIB-based sealant. In response to the summary judgment motion, King County dropped entirely its claim that Viracon had disseminated marketing materials about the qualities of the gray PIB-based sealant and instead alleged—for the first time in this litigation— that Viracon had presented two sample IGUs, one manufactured with gray PIB-based sealant and the other with black PIB-based sealant, to the Chinook Building's design team and that by doing

so, Viracon had represented that IGUs manufactured with gray PIB-based sealant were the equivalent of those manufactured with black PIB-based sealant. Viracon objected to this new theory of liability, pointing out that there is no factual basis for it in the amended complaint nor in King County's discovery responses and, as such, urged this Court to disregard the new theory raised by King County.

While this Court agreed with Viracon that it was inappropriate for King County to raise its argument for the first time in its opposition to a summary judgment motion, *see* dkt. no. 154 at 7, n. 1 citing string of cases; *see also Singh v. Soraya Motor Co*., 2017 WL 4843598, at *5 (W.D. Wash. Oct. 26, 2017) ("At the summary judgment stage, [plaintiff] cannot create a new theory of liability entirely bereft of actual allegations in the complaint"), the Court did consider the new theory and rejected it, concluding that there is insufficient evidence in the record to establish that Viracon made a representation to King County, its agent, or assignor.

King County now objects that this Court should not have considered arguments that Viracon raised in its reply brief without first giving King County a chance to respond to the new material. In making this argument, King County entirely ignores the fact that Viracon's arguments were in response to the new theory of recovery that King County improperly raised in its opposition brief. While it is "generally improper for the Court to consider evidence submitted on reply … [t]here are exceptions to this rule." *Kroeber v. GEICO Ins. Co.*, 2015 WL 11669649, *2 (W.D. Wash. 31, 2015). One such exception is when new arguments and/or evidence is raised by the opposing party's response memoranda. *Id*. (citing *Rockwell v. Chase Bank USA, N.A*., 2012 WL 4846177, at *1 n. 2 (W.D. Wash. Oct. 11, 2012)). Moreover, King County's argument is particularly remarkable given that it did have an opportunity to respond to Viracon's arguments

because it submitted a sur-reply in opposition to Viracon's summary judgment motion.[3] Dkt. No.
143. For whatever reason, King County chose to respond to only some of the arguments raised by
Viracon in its reply brief. King County may regret that decision now, but it is not a basis for this
Court to reconsider the summary judgment decision.

### 2. Evidence the Court Allegedly Overlooked and/or Misunderstood

King County alleges that this Court overlooked evidence in the record that establishes that
Viracon made a misrepresentation to King County's agent or assignor regarding the equivalency
of the gray and black PIB-based sealants. In making this argument, King County cites to the
declaration of Cindy Edens and the documents that governed the public private partnership
between Goat Hill Properties and King County while asserting the same arguments it raised in its
opposition to the summary judgment motion. The Court considered those documents and
arguments and rejected them for the reasons stated in its decision granting summary judgement. It
will not reconsider them again now. "[M]otions for reconsideration are not the proper vehicles for
rehashing old arguments and are not intended to give an unhappy litigant one additional chance to
sway the judge." *Kilbourne v. Coca-Cola Company*, 2015 WL 10943610, *2 (S.D. Cal. Sept. 11,
2015) (quoting *Phillips v. C.R. Bard, Inc.*, 290 F.R.D. 615, 670 (D. Nev. 2013)).[4]

---

[3] King County filed the sur-reply without first obtaining leave from this Court in contravention of
this Court's Standing Order for All Civil Cases. Dkt. No. 13 at 1.

[4] King County also argues that this Court "should not overlook" evidence regarding the IGCC
certification on the IGUs, claiming that Viracon misrepresented that the IGUs were IGCC certified
when in fact they were not. Dkt. No. 156 at 12. King County's argument regarding IGCC
certification was neither raised in its amended complaint nor disclosed in discovery; rather, King
County improperly raised it for the first time in opposition to the summary judgment motion. What
is more, Viracon conclusively proved that the IGUs were IGCC certified. *See* Dkt. No. 99, Ex. 4 at
Ex. 744 (stating that JS-796 PIB-based sealant and approved alternative of JS-780 PIB-based
sealant are in compliance with IGCC standards); deposition of Robert G. Spindler at 283:7-292:11
and Exs. 742-743.

B.      **Whether Viracon Had Knowledge or Notice of the Filming Issue at the Time of the IGU Sales**

As stated above, King County urges this Court to reconsider its conclusion that there is insufficient evidence in the record from which a jury could find that Viracon had pre-sale knowledge or notice of the filming issue associated with the gray PIB-based sealant. King County argues that: (1) deposition testimony of Garrett Henson taken after the summary judgment briefing was complete establishes that Viracon had actual acknowledge of the filming issue while the Chinook Building was still under construction; (2) this Court should "re-examine" a Viracon internal email dated May 16, 2007 and a October 24, 2005 Viracon internal report that show that the shearing issue Viracon experienced during manufacturing placed Viracon on notice of the filming issue; (3) this Court "should be aware" of an October 24, 2005 email from a Truseal employee that demonstrates Viracon's knowledge of the filming issue, and (4) King County should have been allowed to respond to Viracon's argument related to Charles Boyer that Viracon raised for the first time in its reply brief.

1.      **Whether Viracon Had Actual Knowledge of the Filming Issue while the Chinook Building was under Construction**

King County relies on two allegedly new pieces of evidence to demonstrate that Viracon had actual knowledge of the filming issue while the Chinook Building was under construction: the deposition testimony of Garret Henson that was taken after the summary judgment briefing was complete and a final purchase order confirmation for three IGUs purchased in February 2008. Neither constitutes new evidence. Mr. Henson's testimony simply confirmed that Viracon received notice of the filming issue in January 2008 when it received reports of the same from another building that had IGUs manufactured with grey PIB-based sealant. This is information the Court was aware of and considered at the time of summary judgment. *See* Dkt. No. 154 at 9

(citing Dkt. No. 88 at 5 ("By January 2008, Viracon had been receiving reports that the gray PIB in IGUs on buildings …was… forming a film between the panes of glass.")). The Court noted that the January 2008 notice occurred nearly five months after construction of the Chinook Building was substantial complete in August 2007 and the Certificate of Occupancy was issued in September 2007. Dkt. No. 69-1 at 195-202 (Certificates of Substantial Completion and Certificate of Occupancy). However, King County now claims that the purchase order for three IGUs dated February 2008 establishes that the Chinook Building was still under construction when Viracon received notice of the filming issue in January 2008. Once again, this purchase order does not constitute new evidence because King County cited to it in its opposition to summary judgment. Nevertheless, King County's assertion that the February 2008 purchase order establishes that Viracon had actual notice of the filming issue while the Chinook Building was under construction misrepresents the evidence. Not only does the Certificate of Occupancy conclusively establish that construction was complete by September 2007, but the purchase order indicates that the three IGUs purchased in February 2008 were to merely replace broken glass in the building. Dkt. No. 165, Ex. 8 at 1 ("Vision Lites—Replacement Glass" to replace a "good size crack"). Replacing three lites of glass out of nearly 3,000 IGUs on the building after it is occupied does not render construction incomplete.[5]

---

[5] King County also urges this Court to reconsider a Viracon internal email dated May 16, 2007 in which a Viracon employee refers to the gray PIB-based sealant as "the bad stuff", pointing out that the email was written before the February 2008 purchase order. The Court's analysis does not change given that the email is once again referencing the shearing issue. *See* Dkt. No. 93, Ex. 18 ("Is the Adco black shear performance good enough?"; "We performed offset shear tests on black and gray PIB from both suppliers (see results)."). The email was also written after the vast majority of the IGUs were purchased. *See* Dkt. No. 69, Ex. 6 at 209-10 and 216-223 (order confirmations dated October 31, 2005 and December 16, 2005).

**2.      Evidence that the Court Should Be Aware of/Reconsider regarding the Shearing Issue**

The remainder of King County's argument in this section is simply a repackaging of the same arguments regarding the shearing issue that this Court considered and rejected on summary judgment. All of the evidence King County cites was either already submitted or could have been submitted at the time of summary judgment. None of it is newly discovered. Nor does it change the outcome of the issue. For instance, King County cites to a report by Keith Firstenberg that it submitted as part of its opposition brief. Viracon points to the conclusion of the report as evidence that Viracon was worried that the shearing issue experienced by the gray PIB-based sealant may also "call[] into question" the sealants "cohesiveness" and "seal". Dkt. No. 156 at 10. King County misrepresents the report. The Firstenberg Report is a write-up of testing Viracon performed on a new gray PIB-based sealant supplied to Viracon by Truseal. The parties refer to the new sealant as "EdgeTherm." Dkt. No. 96, Ex. 6 at VIRAREV-EO711124-1. The objective of the testing was to "[d]etermine if [EdgeTherm] will perform for our manufacturing process. The current black material works well to maintain unit integrity between the production line and the box, however, the current gray material (JS780) allows larger or heavier units to slide in the short amount of time." *Id*. In other words, the test was to determine if the shearing issue would occur with EdgeTherm as it sometimes did with the gray PIB-based sealant that is the subject of this lawsuit ("the JS780 gray PIB-based sealant"). The report concludes:

> Truseal has ensured us that the EdgeTherm material is essentially the same in terms of the quality of the seal it maintains in a [IGU]. The only difference is the processing properties of use in production (flow or viscosity). There is no change in properties that would affect seal integrity. With this assurance, production will use the gray EdgeTherm material on production units and evaluate to see if there is any improvement.

*Id.* at VIRAREV-E0711124-4. King County claims that this conclusion demonstrates that Viracon was concerned about the cohesiveness and seal qualities of the JS780 gray PIB-based sealant. To the contrary, this conclusion shows that Viracon was not concerned about its seal quality and only agreed to switch to the EdgeTherm sealant after it received "assurance" from Truseal that EdgeTherm's seal is "the same in terms of the quality of the seal" as the JS780 gray PIB-sealant.

King County also points to an email written by Lori Postak from Truseal as evidence that the shearing issue put Viracon on notice of the potential filming issue. King County submits this email to the Court for the first time without explanation as to why it could not have been submitted earlier. Regardless, rather than substantiate King County's argument, it operates against it. Ms. Postak's email is written in response to the Firstenberg Report and its purpose is to reassure Viracon that EdgeTherm's seal will perform the same as the JS780 gray PIB-based sealant. Dkt. No. 157, Ex. 5 at QUANEX (CDC) 4.0040 ("EdgeTherm] uses no new raw materials compared to [the JS780 gray PIB-based sealant] which indicates that the chemical behavior and UV stability of the sealant remain unchanged … Truseal [is confident] that this new sealant, EdgeTherm [], will perform similar to the JS780 PIB products with which Viracon has extensive performance experience."). If Viracon was worried about the JS780 gray PIB-based sealant's seal properties, it would make little sense for Ms. Postak to recommend another PIB-based sealant that will have the same seal qualities as the JS780 gray PIB-based sealant.

Lastly, King County objects to testimony from Charles Boyer that Viracon cited in its reply brief. King County once again objects that it did not have an opportunity to respond to the

testimony. This argument fails for the reasons set forth *supra* in Section III C.1.a.[6,7]

## IV.   CONCLUSION

For the foregoing reasons, this Court HEREBY DENIES King County's Motion for Reconsideration re Order on Motion for Summary Judgment [Dkt. No. 156].

Dated this 21st day of March 2022.

*Barbara J Rothstein*

Barbara   Jacobs   Rothstein
U.S. District Court Judge

---

[6] King County insists that its duty to disclose claim should have survived summary judgment due to the "special relationship" between King County and Viracon. Dkt. No. 156 at 13. Because concealment requires knowledge, King County's duty to disclose claim fails. *See Beaty v. Ford Motor Co*., 2020 WL 639408, *4 (W.D. Wash. Feb. 11, 2020) *rev'd on other grounds*, 854 Fed. Appx. 845 (9th Cir. 2021); *Favors v. Matzke*, 770 P.2d 686, 690 (Wn. App. 1989) (noting that the seller must have "knowledge of a material fact").

[7] King County makes much of the following typographical error in this Court's order on summary judgment: "King County alleges that ten years later, on October 11, 2011, members of its Facilities Management Division noticed a gray film near the edges of some of the IGUs and it notified Viracon of the issue on October 27, 2011." Dkt. No. 154, at 4. The correct dates are October 11 and 27, 2017. This typographical error was simply that, a mistype, and had no bearing on the Court's decision.